1  Patrick E. Catalano, State Bar No. 60774
   LAW OFFICES OF PATRICK E. CATALANO
2  781 Beach Street, Suite 333
   San Francisco, California 94109
3  Telephone: (415) 788-0207
   Facsimile: (415) 788-0066

Attorneys for Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN DiNORSCIA; MARGARET D. FRITZ; RHONDA PAYNE; RUTH J. WILLIAMS and TIFFANY R. WILSON, Individually<br><br>Plaintiffs,<br><br>v.<br><br>AGILENT TECHNOLOGIES; and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>(1) WRONGFUL TERMINATION;<br>(2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;<br>(3) UNJUST ENRICHMENT;<br><br>AND JURY TRIAL DEMAND |

Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON on behalf of themselves and all other persons similarly situated, state, upon information and belief, as follows:

## INTRODUCTION, JURISDICTION AND AMOUNT IN CONTROVERSY

### INTRODUCTION

1. Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON (hereinafter "Plaintiffs") were and are individuals who were working in the State of New Jersey, and were employees of Defendant AGILENT TECHNOLOGIES, Inc., a Delaware corporation, and are suing on their own behalf Defendant AGILENT TECHNOLOGIES Inc.

2. Defendant AGILENT TECHNOLOGIES (hereinafter "Defendant") was the employer

of Plaintiffs and Plaintiffs Class throughout the time period relevant to this Complaint.

3. Defendants sued herein as DOES 1 through 20, inclusive, whether individual, corporate, association or otherwise, are fictitious names of Defendants whose true names and capacities are at this time unknown to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants herein, including all DOES and ROES, was the agent, servant, and/or employee of its co-defendants, and in doing the things herein alleged, was acting within the scope and authority of its duty as an agent, servant, and employee and with the permission and consent of its co-defendants.

4. Each of the said fictitiously named Defendants, whether individual, corporation, partnership, association or otherwise, is liable or responsible to Plaintiff in that it proximately caused injuries and damages to Plaintiff as hereinafter alleged. At such time as said fictitiously named Defendants' true identities become known to Plaintiff, Plaintiff will seek leave of this Court to amend this Complaint to insert said true identities and capacities.

5. Plaintiff is informed and believes, and thereon alleges, that at times herein mentioned, DOES 1 through 20 were individuals, business entities and/or organizations who conducted business in the County of San Francisco of the State of California.

6. Plaintiffs were terminated within the last two years, based on the following allegations, which they were not warned about, relating to unauthorized use of company e-mail. The claims herein are being pursued now because a similar case which sought class certification before this court was denied class certification; <u>Williams v. Agilent</u>, Case # 3:04-cv-1810 MMC, denied December 3, 2004. The named Plaintiffs herein, were previously unnamed class members in the above-mentioned action.

7. Plaintiffs were unjustly terminated by Defendant and now seek restitution, disgorgement, compensatory, punitive, and special damages arising out of Defendants' wrongful conduct and elimination of vested ERISA and other benefits in an amount in excess of $75,000 per plaintiff.

**JURISDICTION AND AMOUNT IN CONTROVERSY**

8. A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. Sections 1331, 1332. Here, diversity is not at issue only federal question is relevant.

9. This Court has jurisdiction over this matter since a Federal question exists, stemming from Defendants' denial of Plaintiffs' ERISA benefits subsequent to Defendants' unjust termination of Plaintiffs.

10. The amount in controversy does not matter when there is a Federal question involved pursuant to 28 U.S.C. Section 1331.

**FIRST CAUSE OF ACTION**

**(For Wrongful Termination)**

11. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 7 of this Complaint.

12. Plaintiffs performed their job functions and were working under oral contracts whereby they would perform their duties in a workmanlike manner and they would continue their employment with Defendant.

13. Plaintiffs have been with Defendant company for extensive periods of time and relied upon the fact that this was permanent employment for them until they retired.

14. Defendant acted in violation of public policy and in violation of their obligation not to terminate Plaintiffs without good cause.

15. Defendant treated Plaintiffs in a different manner than other employees at Defendant company by terminating them for unauthorized use of employee e-mail, despite the fact that others that participated in the same behavior received different treatment.

16. As a proximate result of Defendant's termination of Plaintiffs, Plaintiffs have suffered lost wages, lost employment benefits, have suffered humiliation, embarrassment and mental anguish, all to their damages in the approximate amount of $50,000 to $100,000 per individual.

17. Defendant knew that its conduct was unlawful and in violation of public practices toward Plaintiffs.

18. Defendant knew it was violating the employment contract and the law in treating Plaintiffs in an oppressive or cruel manner by unjustly terminating Plaintiffs because the terms of the employment contract were such that Plaintiffs would not be terminated, nor would Plaintiff Class Members, unless there was a failure of Plaintiffs to perform their duties.

19. As a proximate result of the implied contract and termination of their employment, Plaintiffs have suffered an amount in lost earnings and benefits all according to proof.

WHEREFORE, Plaintiffs pray as set forth below.

## SECOND CAUSE OF ACTION

**(For Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing)**

20. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint.

21. The employment agreement referred to above contained an implied covenant of good faith and fair dealing which obligated Defendant to perform all the terms of the agreement fairly and in good faith and refrain from doing any act which would prevent or impede Plaintiffs from being treated in a similar manner of other employees of the same class. Further, Plaintiffs were given an implied covenant that they would not be terminated except for cause, and would not be harmed by Defendant.

22. Plaintiffs relied on the statements given to them by management that they would not be terminated except for cause.

23. Plaintiffs performed all of the duties under the contract without any complaint by Defendant and with good job performances.

24. Defendant breached its implied covenant of good faith and fair dealing by discharging Plaintiffs and treating them unfairly, and treating all Members fo the Class in a different manner, allowing some to be employed, some to be laid off without benefits, and some

to be terminated without benefits.

25. In so acting, Defendant breached its covenant of good faith and fair dealing owed to Plaintiff and has caused damages to Plaintiffs in amount set forth below, including emotional distress, loss of earnings, loss of potential other future employment terminating Members of the Class without the same benefits that other Members of the Class received when they were laid off.

WHEREFORE, Plaintiffs pray as set forth below.

### THIRD CAUSE OF ACTION

**(For Unjust Enrichment)**

26. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

27. Defendants have improperly benefitted from the egregious and immoral unjust terminations of Plaintiffs.

28. Defendants have concealed the nature and scope of their participation in the conspiracy of termination and ERISA benefit denial.

29. As a result of the Defendants' wrongful acts and omissions as described above, Defendants have been unjustly enriched.

30. Defendants have been unjustly enriched at the expense of Plaintiffs. Plaintiffs therefore demand restitution and judgment against the Defendants jointly, severally and/or in the alternative, in an amount in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, exemplary or punitive damages, attorney's fees and the costs of this action.

WHEREFORE, Plaintiffs pray for damages as follows:

1. For actual damages according to proof;
2. For consequential damages in an amount to be determined by trial together with interest;
3. For special damages in an amount to be determined by trial together with interest;

4. For breach of contract damages in an amount to be determined by trial together with interest;

5. For emotional distress damages in an amount to be determined by trial together with interest;

6. For restitution of the value of their unjust enrichment based upon earned ERISA benefits;

7. For disgorgement of illicit profits;

8. For attorneys fees and costs of suit herein; and

7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

LAW OFFICES OF PATRICK E. CATALANO

Dated: December 23, 2004   By: _____/s/_____
Patrick E. Catalano, Esq.
Jannik P. Catalano, Esq.
Attorneys for Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON