1  REBECCA D. EISEN, State Bar No. 96129
2  SHANNON BETTIS NAKABAYASHI, State Bar No. 215469
   MORGAN, LEWIS & BOCKIUS LLP
3  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
4  Tel: 415.442.1000
   Fax: 415.442.1001

5  Attorneys for Defendant
   AGILENT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN DINORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS AND TIFFANY R. WILSON,<br><br>Plaintiffs,<br><br>vs.<br><br>AGILENT TECHNOLOGIES, INC. AND DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No. C 04 5436 SC<br><br>**REPLY IN SUPPORT OF DEFENDANT AGILENT TECHNOLOGIES, INC. MOTION FOR TRANSFER OF VENUE (28 U.S.C. § 1404(a))**<br><br>Date: April 1, 2005<br>Time: 10:00 a.m.<br>Judge: Senior Judge Samuel Conti<br>Courtroom: 1, 17th Floor<br><br>Date of Filing: January 14, 2005 |

## I. INTRODUCTION

Plaintiffs Lynn DiNorscia, Margaret D. Fritz, Rhonda Payne, Ruth J. Williams and Tiffany R. Wilson (collectively "Plaintiffs") present virtually no opposition to Defendant Agilent Technologies, Inc.'s ("Defendant" or "Agilent") Motion to Transfer Venue. Plaintiffs do not dispute that all percipient witnesses, including the Plaintiffs themselves, are located on the East Coast. They do not dispute that all of the events at issue in this lawsuit occurred in Delaware and that all factors of convenience weigh in favor transferring this case to Delaware. Rather that dispute these facts, Plaintiffs suggest that the case should be transferred to the District of Colorado, a venue that is just as, if not more inconvenient, than California, and a venue that has virtually no connection to the events at issue in this case. Because Plaintiffs concede that

1

1-SF/7192574.1

REPLY IN SUPPORT OF DEFENDANT AGILENT TECHNOLOGIES, INC. MOTION FOR TRANSFER OF VENUE (28 U.S.C. § 1404(a)) (No. C 04 5436 SC)

California is an inconvenient forum, the case should be transferred to the only convenient, appropriate forum – the District of Delaware.

## II. ARGUMENT

### A. Plaintiffs Do Not Dispute that the Northern District is an Inconvenient and Inappropriate Venue for This Case.

As set forth at length in Agilent's Opening Brief, the District of Delaware is the appropriate venue for this lawsuit. Plaintiffs do not dispute that they, their supervisors and all other percipient witnesses to the termination of Plaintiffs' employment reside in or near the State of Delaware. Nor do they dispute that Plaintiffs' employment contracts were entered into in the State of Delaware and that their claims, to the extent they are not governed by ERISA, are governed by Delaware law. These undisputed facts are more than sufficient to warrant transferring the case pursuant to 28 U.S.C. § 1404.

### B. Colorado is an Inconvenient and Inappropriate Forum.

#### 1. None of the Convenience Factors Weigh In Favor of Colorado.

In determining whether a forum in convenient, the Court must look at (1) whether the transferee district is one where the action might have been brought; (2) the convenience of the parties and witnesses; and (3) whether transferring will promote the interests of justice. *Goodyear Tire & Rubber v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992). Agilent has offices and conducts business in Colorado and so this action "may" have been brought there. However, it is not convenient for the parties or witnesses to travel to Colorado. The Plaintiffs themselves live and Delaware and/or New Jersey. *See Pacific Car And Foundry Company v. Spence*, 403 F.2d 949, 954 (9th Cir. 1968) ("the plaintiff's choice of forum commands only minimal consideration where he is not a resident of the district where he instituted suit, the operative facts have not occurred within the forum, and the forum has no particular interest in the parties or subject matter.") All percipient witnesses live on the East Coast. The persons who made the termination decisions reside in Delaware, Pennsylvania and New Jersey.

Plaintiffs have not identified a single witness or document that is located Colorado. Their

2

brief states only that the case should be in Colorado so that "the persons performing the investigation and evaluating the propriety of Plaintiffs' conduct, and their documents may be accessible." Opposition p. 3. Plaintiffs' assumption that key personnel and documents are located in Colorado is inaccurate and unsupported. As stated in Agilent's Opening Brief, the investigation that led to the termination of Plaintiffs' employment was limited to the Little Falls, Delaware facility and was conducted by Human Resources personnel in Delaware. Melvick Decl. ¶¶ 10-11. All termination decisions were made by the Plaintiffs' local supervisors and approved by local management and human resources. Melvick Decl. ¶11. In short, almost all records and witnesses for this case are located on the East Coast. Even if records are kept elsewhere, there is not a single document Agilent could not produce in Delaware, if required to do so.

    2.  The Deposition Testimony of Stacy Drucker-Andress is Not Relevant to this Action.

Plaintiffs' only "evidence" in support of transferring this matter to Colorado is the deposition testimony of Stacy Drucker-Andress, an Agilent Human Resources manager. Ms. Drucker-Andress' testimony was taken in regards to another lawsuit, *Williams et al. v. Agilent Technologies*. As noted in Defendant's Opening Brief, Judge Chesney has repeatedly ruled that the *Williams* case is a separate, unrelated matter. Ms. Drucker-Andress testified about employees in a different Agilent business unit, in a different area of the country, who were subject to an independent investigation conducted by different Agilent personnel. Her testimony regarding an investigation in the *Williams* matter has no bearing on the proper venue of this case. Further, the deposition testimony attached by Plaintiffs to their Opposition provides no more than a disjointed sampling of Ms. Drucker-Andress' discussion of the reason for the *Williams* Plaintiffs termination. Nowhere in the deposition testimony provided does Ms. Drucker-Andress refer to any person or evidence located in the State of Colorado.

  C.  There are No Special Venue Provisions the Would Apply to this Action.

Plaintiffs' Opposition also states that the Court should consider the special venue provisions set forth under Title VII. This is not a Title VII case. Plaintiffs' First Amended Complaint states causes of action for wrongful termination, breach of contract, breach of the

---

3

1-SF/7192574.1    REPLY IN SUPPORT OF DEFENDANT AGILENT TECHNOLOGIES, INC. MOTION FOR TRANSFER OF VENUE (28 U.S.C. § 1404(a)) (No. C 04 5436 SC)

covenant of good faith and fair dealing and unjust enrichment. None of these claims involve discrimination under any state or federal statue and none of these causes of action is subject to a special venue provision.

### III. CONCLUSION

The convenience of all the parties and witnesses require that this case be transferred to the District of Delaware. Plaintiffs do not dispute this fact. For these reasons, this Court should grant Defendant's Motion to Transfer and issue an order transferring this matter to the United States District Court for the District of Delaware.

Dated: March 18, 2005                     MORGAN, LEWIS & BOCKIUS LLP


By      /s/
Shannon Bettis Nakabayashi
Attorneys for Defendant
AGILENT TECHNOLOGIES, INC.

4

1-SF/7192574.1

REPLY IN SUPPORT OF DEFENDANT AGILENT TECHNOLOGIES, INC. MOTION FOR TRANSFER OF VENUE (28 U.S.C. § 1404(a)) (No. C 04 5436 SC)