1  Patrick E. Catalano, State Bar No. 60774
   Jannik P. Catalano, State Bar No. 224786
2  LAW OFFICES OF PATRICK E. CATALANO
   781 Beach Street, Suite 333
3  San Francisco, California   94109
   Telephone:  (415) 788-0207
4  Facsimile:  (415) 447-0066

5  Attorneys for Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH
   J. WILLIAMS, and TIFFANY R. WILSON
6

7
                        UNITED STATES DISTRICT COURT
8
                     NORTHERN DISTRICT OF CALIFORNIA
9

10  LYNN DiNORSCIA; MARGARET D. FRITZ;  )  Case No. C 04 5436 SC
    RHONDA PAYNE; RUTH J. WILLIAMS and   )
    TIFFANY R. WILSON, Individually      )  OPPOSITION  TO  DEFENDANT'S
11                                       )  MOTION  TO  CHANGE  VENUE
         Plaintiffs,                     )  PURSUANT TO F.R.C.P. 1404(a)
12                                       )
    v.                                   )
13                                       )
    AGILENT TECHNOLOGIES INC.; and DOES )
14  1 through 200, Inclusive,            )
                                         )
15       Defendants.                     )
                                         )
16  ─────────────────────────────────   )
                                         )
17
           Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J.
18
    WILLIAMS, and TIFFANY R. WILSON oppose Defendant AGILENT TECHNOLOGIES, INC.'s
19
    Motion to Change Venue, as follows:
20
                                       I.
21
                                INTRODUCTION
22
           The above referenced matter is brought based upon the wrongful termination of Plaintiffs'
23
    employment without fair warning for allegedly misusing the e-mail system of Defendant.
24

25

26

27

28

    ─────────────────────────────────────────────────────────────────────
    OPP MTN TO CHANGE VENUE              1              Case No. C 04 5436 SC

1    **A.    Plaintiffs' Request That This Matter Remain In The Northern District, Or In**

2    **The Alternative, Be Transferred To The Federal Court In The State Of**

3    **Colorado.**

4    Defendant now seeks to transfer the venue of this action to Delaware based upon the grounds

5    that said venue would be more convenient to witnesses and evidence under F.R.C.P. 1404(a).

6    However, Defendant fails to mention that the investigations of these e-mails began in Colorado.

7    The deposition of Stacie Drucker-Andress, in the <u>Williams</u> matter, revealed that the

8    investigation of the misconduct which the plaintiffs in both the <u>Williams</u> and <u>DiNorscia</u> cases were

9    fired for <u>began with an investigation on the East Coast; this investigation was performed in</u>

10   <u>Colorado</u>.  In fact, the <u>East Coast investigation led to the discovery of the West Coast employees</u>.

11   See attached true and correct portions of the Deposition Transcript of Stacy Drucker-Andress, pgs.

12   91: 24-93:7.  This investigation of the email usage of Agilent employees began in Little Falls,

13   Delaware.  See attached true and correct portions of the Deposition Transcript of Stacy Drucker-

14   Andress at pgs. 146: 24-147: 18.

15   Based upon the testimony of Stacie Drucker-Andress, it becomes clear that the investigation

16   of the West Coast employees was initiated by way of the investigation of the East Coast employees.

17   Therefore, the method of investigating these employees conduct would necessarily be

18   interdependent, and also the standard with regard to Agilent's termination of these employees would

19   be similar; based upon these facts deeming these cases related would yield higher efficiency if

20   litigated in a consolidated manner.

21   Also, in evaluating the 'interests of justice' for purposes of § 1404(a), courts must consider

22   grounds for proper venue under any applicable special venue statute. See <u>In re Horseshoe</u>

23   <u>Entertainment</u> (5th Cir. 2003) 337 F3d 429, 434--in Title VII employment discrimination action,

24   court must consider factors enumerated in 42 USC § 2000e-5(f)(3) (i.e., where plaintiff would have

25   worked but for the unlawful discrimination, where employer had its principal office, <u>the location of</u>

26   <u>employment records</u>, etc.).  As stated by Mrs. Drucker-Andress, the investigation that led to the

27   plaintiff's claims was conducted in Colorado.  Therefore, if there is to be a transfer of the case

28

---

OPP MTN TO CHANGE VENUE                    2                    Case No. C 04 5436 SC

1   whatsoever, Plaintiffs request that said transfer is to the State of Colorado, so that the persons

2   performing the investigation and evaluating the propriety of Plaintiffs' conduct, and their documents

3   may be readily accessible.

4                                          Respectfully Submitted,

5                                          LAW OFFICES OF PATRICK E. CATALANO

6

7   Dated: March 11, 2005                  By:_____/s/_____
                                           Patrick E. Catalano, Esq.
8                                          Jannik P. Catalano, Esq.
                                           Attorney for Plaintiffs LYNN DiNORSCIA;
9                                          MARGARET D. FRITZ; RHONDA
                                           PAYNE; RUTH J. WILLIAMS and
10                                         TIFFANY R. WILSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28