**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN DINORSCIA; MARGARET D. FRITZ; RHONDA A. PAYNE; RUTH J. WILLIAMS; AND TIFFANY R. WILSON, ) ) ) ) ) | No. C 04-5436-SC |
| Plaintiffs, ) ) | |
| v. ) ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR TRANSFER OF VENUE |
| AGILENT TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 through 20, inclusive, ) ) ) ) | |
| Defendants. ) ) ) | |

## I.    Introduction

Presently before this Court is Defendant's Motion to Transfer Venue to the District of Delaware.  Having considered the papers submitted, this Court grants Defendant's motion and transfers this action to the District of Delaware.

## II.   Discussion

Plaintiffs, five individuals who reside in either Delaware or New Jersey, filed an action in this District against their former employer, Agilent Technologies, Inc. ("Agilent" or "Defendant"), alleging wrongful termination from their jobs at Agilent's Little Falls facility in Willmington, Delaware.  Defendant moves this Court for a transfer of venue pursuant to 28 U.S.C. § 1404(a).

United States District Court
For the Northern District of California

Defendant asserts that the United States District Court for the District of Delaware is a more convenient forum because Delaware is where all the relevant events took place and where the majority of the witnesses and parties reside.

Under § 1404(a), the Court may transfer an action to another district:  (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice provided that the action might have been brought in the transferee court.  28 U.S.C. § 1404(a).  Transfer is within the Court's discretion, but in no case may an action be transferred to a district where venue would not have been proper if it had originally been filed there.  Generally, a plaintiff's choice of forum is given "special weight."  <u>Decker Coal v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  This consideration is greatly diminished, however, when plaintiff's choice of forum is other than where he resides.  <u>Paul v. International Precious Metals Corp.</u>, 613 F.Supp. 174 (D.Miss. 1985).

The facts of this case indicate that Delaware provides the most convenient forum.  Plaintiffs were employed in Delaware, their employment was terminated in Delaware, and the conduct for which they were terminated occurred in Delaware.  Moreover, Plaintiffs reside in Delaware or nearby, in New Jersey.  Defendant's witnesses are also Delaware employees of Agilent, who live and work in Delaware.

Plaintiffs only objection to the transfer of venue appears to be that this case is tangential to another case filed in the

2

**United States District Court**
For the Northern District of California

1　Northern District of California before Judge Chesney.[1]　See

2　Williams, et al. v. Agilent Technologies, Inc., Case No. 3:04-CV-

3　1810 MMC.　Judge Chesney has clearly ruled that the present case

4　is not related to the case before her.　This Court also finds the

5　asserted relation to the Williams case unavailing.

6　**III.  Conclusion**

7　　　　For the foregoing reasons, the venue transfer motion is

8　GRANTED and this action is TRANSFERRED to the District of

9　Delaware.

10

11　　　　**IT IS SO ORDERED.**

12　　　　Dated:　April 22, 2005

13

14

15　　　　　　　　　　　　　　　　　/s/ Samuel Conti
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26　　　　[1]Plaintiffs also make an unsupported argument that transfer to
Colorado might be appropriate.　This Court declines Plaintiffs

27　invitation to transfer this case to yet another state with little
or no relation to the events and parties.

28

3