<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE</u>

| | |
|---|---|
| LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON, <br><br>   Plaintiffs, <br><br> v. <br><br> AGILENT TECHNOLOGIES, INC., and DOES 1-20, <br><br>   Defendant. | Case No. 05-00246-JJF <br> (Transferred from US District Court of San Francisco Division Case No. C-4-5436-SC) <br><br> **SECOND AMENDED COMPLAINT FOR** <br> (1)  WRONGFUL TERMINATION; <br> (2)  BREACH OF CONTRACT AND BREACH OF COVENANT OF FAITH AND FAIR DEALING; <br> (3)  UNJUST ENRICHMENT; <br> (4)  FRAUD <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON on behalf of themselves and all other persons similarly situated, state, upon information and belief, as follows:

**INTRODUCTION, JURISDICTION AND AMOUNT IN CONTROVERSY**

**INTRODUCTION**

1. Plaintiffs LYNN DiNORSCIA, MARGARET D. FRITZ, RHONDA PAYNE, RUTH J. WILLIAMS, and TIFFANY R. WILSON (hereinafter "Plaintiffs") were and are individuals who were working in the State of New Jersey, and were employees of Defendant AGILENT TECHNOLOGIES, Inc., a Delaware corporation, and are suing on their own behalf Defendant AGILENT TECHNOLOGIES Inc.

2. Defendant AGILENT TECHNOLOGIES INC. (hereinafter "Defendant") was the employer of Plaintiffs throughout the time period relevant to this Complaint.

3. Defendants sued herein as DOES 1 through 20, inclusive, whether individual, corporate, association or otherwise, are fictitious names of Defendants whose true names and capacities are at this time unknown to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the Defendants herein, including all DOES and ROES, was the agent, servant, and/or employee of its co-defendants, and in doing the things herein

alleged, was acting within the scope and authority of its duty as an agent, servant, and employee and with the permission and consent of its co-defendants.

4. Each of the said fictitiously named Defendants, whether individual, corporation, partnership, association or otherwise, is liable or responsible to Plaintiffs in that it proximately caused injuries and damages to Plaintiffs as hereinafter alleged. At such time as said fictitiously named Defendants' true identities become known to Plaintiffs, Plaintiffs will seek leave of this Court to amend this Complaint to insert said true identities and capacities.

5. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, DOES 1 through 20 were individuals, business entities and/or organizations who conducted business in the County of San Francisco of the State of California.

6. Plaintiffs were terminated within the last two years, based on the following allegations, which they were not warned about, relating to unauthorized use of company e-mail. The claims herein are being pursued now because a similar case which sought class certification before <u>the United States District Court for the Northern District of California</u> ~~this court~~ was denied class certification; <u>Williams v. Agilent</u>, Case # 3:04-cv-1810 MMC, denied December 3, 2004. The named Plaintiffs herein, were previously unnamed class members in the above-mentioned action.

7. Plaintiffs were unjustly terminated by Defendant and now seek restitution, disgorgement, compensatory, punitive, and special damages arising out of Defendants' wrongful conduct and elimination of vested ERISA and other benefits in an amount in excess of $75,000 per plaintiff.

## JURISDICTION AND AMOUNT IN CONTROVERSY

8. A federal district court has original jurisdiction over diversity cases and cases arising under federal law. <u>28 U.S.C. Sections 1331, 1332</u>. Here, diversity is not at issue, only the federal question is relevant.

2

Second Amended Complaint
DiNorscia v. Agilent Technologies, Inc.

Case No. 05-00246-JJF

9. This Court has jurisdiction over this matter since a Federal question exists, stemming from Defendants' denial of Plaintiffs' ERISA benefits subsequent to Defendants' unjust termination of Plaintiffs .

10. The amount in controversy does not matter when there is a Federal question involved pursuant to 28 U.S.C. Section 1331.

### FIRST CAUSE OF ACTION
### (For Wrongful Termination)

11. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 10 of this Complaint.

12. Plaintiffs performed their job functions and were working under oral contracts whereby they would perform their duties in a workmanlike manner and they would continue their employment with Defendant.

13. Plaintiffs have been with Defendant company for extensive periods of time and relied upon the fact that this was permanent employment for them until they retired.

14. Defendant acted in violation of public policy and in violation of their obligation not to terminate Plaintiffs without good cause.

15. Defendant treated Plaintiffs in a different manner than other employees at Defendant company by terminating them for unauthorized use of employee e-mail, despite the fact that others that participated in the same behavior received different treatment.

16. As a proximate result of Defendant's termination of Plaintiffs, Plaintiffs have suffered lost wages, lost employment benefits, suffered humiliation, embarrassment and mental anguish, with damages in the approximate amount of $50,000 to $100,000 per individual.

17. Defendant knew that its conduct was unlawful and in violation of public practices toward Plaintiffs.

18. Defendant knew it was violating Plaintiff's employment contracts and the law in treating Plaintiffs in an oppressive or cruel manner by unjustly terminating Plaintiffs because the terms of the employment contract were such that Plaintiffs would not be terminated, nor would Plaintiff Class Members, unless there was a failure of Plaintiffs to perform their duties.

19. As a proximate result of the implied contract and termination of their employment, Plaintiffs have suffered an amount in lost earnings and benefits all according to proof.

WHEREFORE, Plaintiffs pray as set forth below.

## SECOND CAUSE OF ACTION

### (For Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing)

20. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 19 of this Complaint.

21. The employment agreement referred to above contained an implied covenant of good faith and fair dealing which obligated Defendant to perform all the terms of the agreement fairly and in good faith and refrain from doing any act which would prevent or impede Plaintiffs from being treated in a similar manner of other employees of the same class. Further, Plaintiffs were given an implied covenant that they would be life employees, receive benefits, not be terminated except for cause, and would not be harmed by Defendant.

22. Plaintiffs relied on the statements given to them by management that they would not be terminated except for cause.

23. Plaintiffs performed all of the duties under the contract without any complaint by Defendant and with good job performances.

24. Defendant breached its implied covenant of good faith and fair dealing in discharging Plaintiffs and treated them unfairly by treating all Members of the Class in a different manner than the next Member of the Class; allowing some to remain employed, some to be laid off without benefits, and some to be terminated without benefits.

25. In so acting, Defendant breached its covenant of good faith and fair dealing owed to Plaintiffs and has caused damages to Plaintiffs in the amount set forth below, including emotional distress, loss of earnings, and loss of potential other future employment by terminating Members of the Class without the same retraining benefits that other Members of the Class received when they were laid off.

WHEREFORE, Plaintiffs pray as set forth below.

### THIRD CAUSE OF ACTION

#### (For Unjust Enrichment)

26. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

27. Defendants have improperly benefited from the egregious and immoral unjust terminations of Plaintiffs.

28. Defendants have concealed the nature and scope of their participation in the conspiracy of termination and ERISA benefit denial.

29. As a result of the Defendants' wrongful acts and omissions as described above, Defendants have been unjustly enriched.

30. Defendants have been unjustly enriched at the expense of Plaintiffs. Plaintiffs therefore demand restitution and judgment against the Defendants jointly, severally and/or in the alternative, in an amount in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, exemplary or punitive damages, attorney's fees and the costs of this action.

WHEREFORE, Plaintiffs pray as set forth below.

5

Second Amended Complaint                                           Case No. 05-00246-JJF
DiNorscia v. Agilent Technologies, Inc.

## FOURTH CAUSE OF ACTION

### (For Fraud and/or Conspiracy to Defraud)

31. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 30 of this Complaint.

32. Defendants participated in the acts as stated above.

33. Defendants represented to Plaintiffs that they were terminated for unauthorized use of employee e-mail.

34. Although Defendants' true motive for terminating Plaintiffs was simply to cut costs and reduce overhead.

35. Defendants misrepresented the reason for Plaintiffs' terminations to avoid paying benefits to Plaintiffs, although benefits were offered to other Members of the Class that were laid off at or around the same time.

36. Plaintiffs relied on Defendant to treat them fairly and at the very least to provide for benefits as was done for other Members of the Class that were 'laid off' at or around the same time.

37. By terminating Members of the Class without the same retraining benefits that other Members of the Class received when they were laid off, Plaintiffs' suffered emotional distress, loss of earnings, and loss of potential other future employment.

WHEREFORE, Plaintiffs demand a jury trial and judgment and damages against the Defendants, jointly, severally and/or in the alternative, as follows:

1. For actual damages according to proof;

2. For consequential damages in an amount to be determined by trial together with interest;

3. For special damages in an amount to be determined by trial together with interest;

4. For breach of contract damages in an amount to be determined by trial together with interest;

6

Second Amended Complaint    Case No. 05-00246-JJF
DiNorscia v. Agilent Technologies, Inc.

5. For emotional distress damages in an amount to be determined by trial together with interest;

6. For restitution of the value of their unjust enrichment based upon earned ERISA benefits;

7. For disgorgement of illicit profits;

8. For attorneys fees and costs of suit herein; and

9. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

TIGHE, COTTRELL & LOGAN, P.A.

Dated: September 19, 2005         By:   /S/ G. Kevin Fasic
                                        G. Kevin Fasic, Esquire
                                        First Federal Plaza, Suite 500
                                        P.O. Box 1031
                                        Wilmington, DE 19899
                                        (302) 658-6400 – Telephone
                                        (302) 658-9836 - Facsimile

Of Counsel:
LAW OFFICES OF PATRICK E. CATALANO
Patrick E. Catalano, Esq.
Jannik P. Catalano, Esq.
781 Beach Street, Suite 333
San Francisco, CA 94109
Telephone: (415) 788-0207
Facsimile: (415) 447-0066

7

Second Amended Complaint                                Case No. 05-00246-JJF
DiNorscia v. Agilent Technologies, Inc.